IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA RAE PLEASANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   Case No. 23-CV-037-TCK-MTS |
| | ) |
| ARTS AND HUMANITIES COUNCIL | ) |
| OF TULSA, INC. d/b/a AHHA TULSA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's *Motion to Compel Plaintiff's Initial Disclosures* [Docket No. 32]. On April 5, 2023, the Honorable Terence Kern entered a minute order [Docket No. 28] in which he ordered Plaintiff to file her initial disclosures by May 1, 2023. Plaintiff failed to comply with Judge Kern's order. Accordingly, Defendant's *Motion to Compel Plaintiff's Initial Disclosures* is GRANTED.

As part of its motion, Defendant also requests it be awarded reasonable costs, including attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5). While it is true Plaintiff filed her Initial Disclosures [Docket No. 36] on May 12, 2023, they were filed after Defendant filed its motion on May 10, 2023. Rule 37(a)(5) is clear – a party is entitled to reasonable costs if the disclosures are filed after the opposing party's motion to compel is filed. Rule 37(a)(5) reads:

> (5) *Payment of Expenses; Protective Orders.* (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Under Rule 37(a)(5) a court must afford a party an opportunity to be heard prior to making any award of reasonable costs. Prior to the motion hearing, the Court entered two separate orders announcing the date, time, and location of the hearing. Despite this, Plaintiff failed to appear at the hearing or notify the Court of her inability to appear. As such, the Court finds Plaintiff waived her opportunity to be heard on this matter.

The question now before the Court is whether an award of reasonable costs for Defendant's preparation of its motion to compel would be unjust. Rule 37(a)(5) sets forth three exceptions that would prohibit an award of reasonable costs. If any one of the exceptions applies, a court must not award reasonable costs.

The first exception applies if: "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." In reviewing Defendant's motion, including the attached emails between Plaintiff and defense counsel, it is clear defense counsel made good faith attempts to obtain the disclosures without court action.[1] The Court finds the first exception does not apply.

The second exception applies if: "the opposing party's nondisclosure, response, or objection was substantially justified." Plaintiff failed to present any evidence justifying her

---

[1] One such attempt occurred via email on May 5, 2023. In response to defense counsel's request for a meet and confer Plaintiff responded: "The issue is YOU! How many times have I said that? But, your ignorant self keeps DEMONIZING my messages and you keep getting uppity and bossy with me. Or, maybe you just have reading comprehension issues! … I DO NOT TRUST VERBAL CONVERSATIONS WITH ABUSERS! … Get a LIFE! Do not tell me what to do." Docket No. 32-9, p. 1. This e-mail came roughly a month and a half after Judge Kern specifically ordered Plaintiff to refrain from making these types of comments: "…and Plaintiff is warned that her continued obstreperous, abusive, and vexatious conduct in this litigation may result in filing restrictions or involuntary dismissal under Rule 41(b)." Docket No. 26, pp. 16-17.

noncompliance with Judge Kern's order directing her to file her initial disclosures by May 1, 2023. The Court finds the second exception does not apply.

The third exception applies if: "other circumstances make an award of expenses unjust." This exception affords the Court broad discretion in denying an award of reasonable costs. In examining the record, the Court finds that there is no circumstance that would make an award of reasonable expenses unjust. The Court finds the third exception does not apply.

As none of the statutory exceptions apply, the Court is required to award reasonable costs, including attorney fees, to Defendant. The Court hereby orders Defendant to file its Application for Fees and Costs related to its preparation of the motion to compel no later than June 2, 2023. Pursuant to LCvR37-2(e), Plaintiff will have fourteen days from the date Defendant's application is filed to respond to the reasonableness of the fees and costs requested by Defendant.

IT IS SO ORDERED this 23rd day of May, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT