**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESSICA RAE PLEASANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No. 23-CV-037-TCK-MTS** |
| | ) | |
| **ARTS AND HUMANITIES COUNCIL** | ) | |
| **OF TULSA, INC. d/b/a AHHA TULSA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On May 11, 2023, the Court entered a minute order [Docket No. 33] setting Defendant's

Motion to Compel [Docket No. 32] for a motion hearing on May 23, 2023.  On May 18, 2023, the

Court entered another minute order [Docket No. 38] advising the parties of the Court's intention

to conduct a pretrial discovery conference pursuant to Fed. R. Civ. P. 16 during the May 23, 2023,

hearing:

> MINUTE ORDER by Magistrate Judge Mark T. Steele[:]   "In addition to
> conducting a hearing on Defendant's Motion to Compel Plaintiff's Initial
> Disclosures [Docket No. 32], set for May 23, 2023, the parties are advised that the
> Court also intends to conduct a Rule 16 pretrial discovery hearing.  The parties
> should be prepared to discuss an overall discovery and case management plan.  The
> parties are reminded this is an in-person hearing.  Failure to attend may result in the
> imposition of sanctions.

Defendant's counsel was present for the May 23, 2023, hearing, but Plaintiff, who is

proceeding *pro se*, failed to appear or notify the Court of her inability to appear.  The Court's May

18, 2023, minute order provided Plaintiff with notice that her failure to attend could result in

sanctions.

Under Rule 16, the Court is authorized "[on] motion *or on its own*" to "issue any just orders,

. . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]"  Fed.

R. Civ. P. 16(f)(1)(A) (emphasis added).  Moreover, regarding the imposition of fees and costs,

Rule 16 states that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

Because Plaintiff failed to attend the hearing, this Court has authority under Rule 16 to impose sanctions on Plaintiff.  In fact, the Court must award Defendant the reasonable expenses associated with the preparation and attendance of Defendant's counsel at the hearing unless the exceptions to Rule 16(f)(2) preclude the award.  The Court finds they do not.

The first exception applies if Plaintiff's "noncompliance was substantially justified."  The Court entered two minute orders advising the parties of the date and time of the hearing.  Plaintiff failed to notify the Court prior to the hearing that she did not plan to attend.  Plaintiff could have sought a continuance or requested to appear by other means.  The Court finds the first exception does not apply.

The second exception applies if: "other circumstances make an award of expenses unjust." This exception affords the Court broad discretion in denying an award of reasonable costs.  In examining the record, the Court finds that there is no circumstance that would make an award of reasonable expenses unjust.  The Court finds the second exception does not apply.

As none of the statutory exceptions apply, the Court is required to award reasonable expenses, including attorney fees, to Defendant under Rule 16.  The Court hereby orders Defendant to file its Application for Fees and Costs related to its preparation for the motion hearing and attendance at the hearing no later than June 2, 2023.  Pursuant to LCvR7-1(e), Plaintiff will have twenty-one days from the date Defendant's application is filed to respond to the reasonableness of the fees and costs requested by Defendant.

IT IS SO ORDERED this 23rd day of May, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT