IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA RAE PLEASANT | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-CV-037-MTS |
| | ) |
| ARTS AND HUMANITIES COUNCIL | ) |
| OF TULSA, INC. d/b/a AHHA TULSA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION AND ORDER**

Before the Court is Defendant Arts & Humanities Council of Tulsa d/b/a AHHA Tulsa's Motion to Compel Plaintiff's Discovery Responses [Docket No. 43]. On April 18, 2023, Defendant issued discovery requests to the Plaintiff, including interrogatories and requests for production, with a deadline to respond of May 22, 2023. *See* Docket Nos. 43-1 and 43-2. Plaintiff failed to respond to those requests by the applicable deadline. Moreover, by minute order dated May 31, 2023, the Court ordered Plaintiff to respond to Defendant's motion by June 14, 2023. *See* Docket No. 44. Plaintiff failed to provide a response to the motion. Accordingly, Defendant's Motion to Compel Plaintiff's Discovery Responses is GRANTED. Plaintiff is hereby ordered to provide Defendant with responses to its discovery requests by June 30, 2023.

As part of its motion, Defendant also requests it be awarded reasonable costs, including attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiff undisputedly failed to provide any semblance of a response to Defendant's discovery requests by May 22, 2023. Rule 37(a)(5) is clear – a party is entitled to reasonable costs if the motion is granted or if the requested discovery is provided after the opposing party's motion to compel is filed. Rule 37(a)(5) reads:

> (5) Payment of Expenses; Protective Orders. (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if

the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Under Rule 37(a)(5) a court must afford a party an opportunity to be heard prior to making any award of reasonable costs.  Prior to the motion hearing, the Court entered an order directing Plaintiff to respond to the motion and announcing the date, time, and location of the hearing.  Despite this, Plaintiff failed to respond to the motion and to appear at the hearing or notify the Court of her inability to appear.  As such, the Court finds Plaintiff waived her opportunity to be heard on this matter.

The question now before the Court is whether an award of reasonable costs for Defendant's preparation of its motion to compel would be unjust.  Rule 37(a)(5) sets forth three exceptions that would prohibit an award of reasonable costs.  If any one of the exceptions applies, a court must not award reasonable costs.

The first exception applies if: "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  In reviewing Defendant's motion, including the attached emails between Plaintiff and defense counsel, it is clear defense counsel made good faith attempts to obtain the discovery responses without court action.  The Court finds the first exception does not apply.

The second exception applies if: "the opposing party's nondisclosure, response, or objection was substantially justified."  Plaintiff failed to present any evidence justifying her noncompliance with the deadline for her responses to Defendant's discovery requests.

2

The third exception applies if: "other circumstances make an award of expenses unjust." This exception affords the Court broad discretion in denying an award of reasonable costs. In examining the record, the Court finds that there is no circumstance that would make an award of reasonable expenses unjust. The Court finds the third exception does not apply.

As none of the statutory exceptions apply, the Court is required to award reasonable costs, including attorney fees, to Defendant. The Court hereby orders Defendant to file its Application for Fees and Costs related to its preparation of the motion to compel no later than June 30, 2023. Pursuant to LCvR37-2(e), Plaintiff will have fourteen days from the date Defendant's application is filed to respond to the reasonableness of the fees and costs requested by Defendant.

IT IS SO ORDERED this 21st day of June, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT