IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA RAE PLEASANT | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-CV-037-MTS |
| | ) |
| ARTS AND HUMANITIES COUNCIL | ) |
| OF TULSA, INC. d/b/a AHHA TULSA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION AND ORDER

Before the Court is Defendant Arts & Humanities Council of Tulsa, Inc. d/b/a AHHA Tulsa's First Application for Attorneys' Fees and Costs (Docket No. 45) related to the preparation of its Motion to Compel Plaintiff's Initial Disclosures (Docket No. 32). The Court previously set Defendant's motion to compel for an in-person hearing on May 23, 2023, which Plaintiff failed to attend. Following the hearing, the Court entered an Opinion and Order granting Defendant's motion and its request for reasonable fees and costs associated with the preparation of the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). The Court directed Defendant to file an application for fees and costs and for Plaintiff to respond to Defendant's request. *See* Docket No. 40. On June 2, 2023, Defendant timely filed the application. Plaintiff's deadline to file a response was June 16, 2023. As of this date, Plaintiff has failed to file a response.[1] Accordingly, the Court now considers Defendant's application.

---

[1] The Court has determined that a hearing on Defendant's application would not assist with its determination of the reasonableness of the requested fees and costs. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements."), quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).

**Standard for Determining the Reasonableness of Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The party seeking an award of fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quotation omitted).

Regarding the hourly rate, the Tenth Circuit defines a reasonable hourly rate as "'the prevailing market rate in the relevant community.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006), quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). A party seeking an award of fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id*. at 1225 (quotation omitted). If the court lacks adequate evidence of prevailing market rates, however, it may rely upon other relevant factors, "including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

Regarding the hours expended, a party seeking an award of fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quotation omitted). "Time records submitted in support of a fee request must reflect the same billing judgment as a bill to a paying client." *Bishop v. Smith*, 112

F. Supp. 3d 1231, 1239 (N.D. Okla. 2015). A court must exclude from the calculation hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The court, however, may also rely on its own knowledge and experience in determining an appropriate number of hours for the relief requested. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.").

## Defendant's Application for Attorneys' Fees & Costs

In support of the application, Defendant has submitted the affidavit of attorney Michael W. Bowling, which includes the hourly rates and time entries for Mr. Bowling, Katie Campbell and Renee L. Mangham. *See* Docket No. 45-1. Defendant seeks $1,196.92 in fees and costs associated with the filing of its motion to compel Plaintiff's initial disclosures. The requested amount includes: (1) .7 hours attributed to Mr. Bowling at an hourly rate of $245.00 (totaling $171.50); (2) 4.1 hours attributed to Ms. Campbell at an hourly rate of $200.00 (totaling $820.00); (3) .3 hours attributed to Ms. Mangham at an hourly rate of $100.00 (totaling $30.00); and (4) costs associated with research on Westlaw in the amount of $175.42. *See* Docket No. 45-1.

A.   **Hourly Rates**

In support of the reasonableness of the hourly rates, Mr. Bowling has submitted an affidavit outlining the hourly rates for his services and the services of Ms. Campbell and Ms. Mangham. In his affidavit, Mr. Bowling states, "I also believe the hourly rates used in providing legal services to AHHA were reasonable for services of a similar kind and nature under the facts and circumstances presented by the above-captioned lawsuit." *See* Docket No. 45-1. Mr. Bowling's affidavit does not include his years of experience or the years of experience for Ms. Campbell and

Ms. Mangham. For this reason, the Court has conducted its own research via the website for Crowe & Dunlevy and determined that Mr. Bowling has approximately twenty years of legal experience and Ms. Campbell has approximately three years of legal experience.[2] The Court determined that Ms. Mangham is a paralegal at the law firm but could not confirm her level of experience.

Based upon the evidence and this Court's knowledge and experience with the prevailing rates in the local legal community, the Court finds Mr. Bowling's hourly rate of $245.00 is reasonable. The Court also finds Ms. Campbell's hourly rate of $200.00 is reasonable, because she performed most of the legal work pertaining to the motion, with what appears to be minimal oversight. Further, the Court finds Ms. Mangham's requested hourly rate of $100.00 for paralegal services is reasonable.

### B.   Hours Expended

Defendant's time entries reflect a total of 5.1 hours spent by Mr. Bowling, Ms. Campbell, and Ms. Mangham from May 5, 2023, through May 10, 2023, in preparing Defendant's motion to compel. *See* Docket No. 45-1. Mr. Bowling states in his affidavit that, "In my opinion, the hours expended by the individuals listed in Exhibit A were reasonable, necessary, and in accordance with the current standards in the legal community for similar work under similar circumstances." *Id*.

The Court has reviewed Defendant's submitted time entries and considered the results obtained by Defendant and whether the requested time is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Based on such review, the Court finds that 3.3 hours was

---

[2] The Court has based its estimate of legal years of experience on when Mr. Bowling and Ms. Campbell were admitted to practice law in Oklahoma. Neither appear to have been admitted in any other state prior to being admitted in Oklahoma.

reasonably spent on Defendant's preparation of the motion to compel, resulting in the following breakdown of reasonable hours per timekeeper: (1) .5 hours for Mr. Bowling at his hourly rate of $245.00 (totaling $122.50); (2) 2.5 hours for Ms. Campbell at her hourly rate of $200.00 (totaling $500.00); and (3) .3 hours for Ms. Mangham at her hourly rate of $100.00 (totaling $30.00).[3] This yields an award of $652.50 in fees associated with preparing the motion to compel, which the Court finds appropriate on the facts of this case. Plaintiff is therefore ordered to pay Defendant an amount of $652.50 pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## Conclusion

For the reasons discussed herein, Defendant's First Application for Attorneys' Fees and Costs (Docket No. 45) is granted in part and denied in part. Plaintiff is hereby ORDERED to pay Defendant $652.50 in fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

IT IS SO ORDERED this 29th day of June, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant also requests costs associated with Westlaw research in the amount of $175.42. The Court declines to allow the costs for online research.