**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESSICA RAE PLEASANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 23-CV-037-MTS** |
| | ) | |
| **ARTS AND HUMANITIES COUNCIL** | ) | |
| **OF TULSA, INC. d/b/a AHHA TULSA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is Defendant Arts & Humanities Council of Tulsa, Inc. d/b/a AHHA Tulsa's Second Application for Attorneys' Fees and Costs (Docket No. 46) related to counsel's preparation and attendance at a motion and discovery hearing on May 23, 2023. The Court set an in-person hearing regarding Defendant's motion to compel and a pretrial discovery hearing for May 23, 2023, wherein Plaintiff was warned that her failure to attend could result in the imposition of sanctions. *See* Docket Nos. 33 and 38. Plaintiff failed to attend the hearing.

In an Opinion and Order entered on May 23, 2023, this Court found that Plaintiff not only failed to attend the hearing, but she did not notify the Court of her inability to attend or seek a continuance. Plaintiff's noncompliance with the Court's order prompted the Court to consider the imposition of fees and costs, including attorney's fees, under Fed. R. Civ. P. 16(f)(2). The Court determined Plaintiff's failure to appear at the hearing was not substantially justified and there was no circumstance that would make an award of reasonable expenses unjust. It concluded Defendant was entitled to an award of reasonable expenses, including attorney's fees, against Plaintiff and directed Defendant to file an application for fees and costs. Plaintiff was directed to respond to the reasonableness of Defendant's request. *See* Docket No. 41. On June 2, 2023, Defendant timely

filed the application.  Plaintiff's deadline to file a response was June 23, 2023.  As of this date, Plaintiff has failed to file a response.[1]   Accordingly, the Court now considers Defendant's application.

### Award of Reasonable Fees and Expenses Under Fed. R. Civ. P. 16

The Court must consider certain factors when determining whether monetary sanctions, including an award of attorney's fees and expenses, are appropriate under Fed. R. Civ. P. 16.  *See Palzer v. Coxcom, LLC*, 2019 WL 11585414, at *1 (N.D. Okla., Dec. 19, 2019) (classifying award of reasonable expenses, including attorney's fees, under Rule 16 as a monetary sanction subject to a review of the reasonableness of the fees and expenses and certain other factors).  The factors to consider include:  (1) reasonableness of fees and expenses; (2) the minimum amount of sanctions to deter behavior; (3) and the ability to pay.  A court may also consider other factors, including "the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances."  *Id*. at *1-2; citing *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990).

### Defendant's Application for Attorneys' Fees & Costs

In support of the application, Defendant has submitted an affidavit of attorney Michael W. Bowling, which includes the hourly rates and time entries for Mr. Bowling and Katie Campbell.  *See* Docket No. 46-1.  Defendant seeks $1,266.86 in fees and expenses associated with counsel's preparation and attendance at the May 23, 2023, hearing regarding the motion to compel and

---

[1]  The Court has determined that a hearing on Defendant's application will not assist with its determination of the reasonableness of the requested fees and costs.  *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements."), quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995).

pretrial discovery.  The total amount requested includes:  (1) .2 hours attributed to Mr. Bowling at an hourly rate of $245.00 (totaling $49.00); (2) 3.7 hours attributed to Ms. Campbell at an hourly rate of $200.00 (totaling $740.00); (3) 3.2 hours attributed to Ms. Campbell at an hourly rate of $100.00 for travel time (totaling $320.00); and (4) expenses, including mileage ($138.86), tolls ($9.00), and parking ($10.00) (totaling $157.86).  *See* Docket No. 46-1.

### A.    Reasonableness of Fees and Expenses

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  The party seeking an award of fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quotation omitted).

Regarding the hourly rate, the Tenth Circuit defines a reasonable hourly rate as "'the prevailing market rate in the relevant community.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006), quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  A party seeking an award of fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id*. at 1225 (quotation omitted).  If the court lacks adequate evidence of prevailing market rates, however, it

may rely upon other relevant factors, "including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

Regarding the hours expended, a party seeking an award of fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quotation omitted). "Time records submitted in support of a fee request must reflect the same billing judgment as a bill to a paying client." *Bishop v. Smith*, 112 F. Supp. 3d 1231, 1239 (N.D. Okla. 2015). A court must exclude from the calculation hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The court, however, may also rely on its own knowledge and experience in determining an appropriate number of hours for the relief requested. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.").

In support of the reasonableness of the hourly rates, Mr. Bowling has submitted an affidavit outlining the hourly rates for his services and the services of Ms. Campbell. In his affidavit, Mr. Bowling states, "I also believe the hourly rates used in providing legal services to AHHA were reasonable for services of a similar kind and nature under the facts and circumstances presented by the above-captioned lawsuit." *See* Docket No. 46-1. Mr. Bowling's affidavit does not include his years of experience or the years of experience for Ms. Campbell. For this reason, the Court has conducted its own research via the website for Crowe & Dunlevy and determined that Mr.

Bowling has approximately twenty years of legal experience and Ms. Campbell has approximately three years of legal experience.[2]

Based upon the evidence and this Court's knowledge and experience with the prevailing rates in the local legal community, the Court finds Mr. Bowling's hourly rate of $245.00 is reasonable.  The Court also finds Ms. Campbell's hourly rate of $200.00 is reasonable, because she performed most of the legal work pertaining to the hearing preparation, with what appears to be minimal oversight.  Further, the Court finds Ms. Campbell's reduced hourly rate of $100.00 for travel time is reasonable.

Regarding time expended, Defendant's time entries reflect a total of 7.1 hours spent by Mr. Bowling and Ms. Campbell from May 17, 2023, through May 23, 2023, in preparing for the hearing.  *See* Docket No. 46-1.  Mr. Bowling states in his affidavit that, "In my opinion, the hours expended by the individuals listed in Exhibit A were reasonable, necessary, and in accordance with the current standards in the legal community for similar work under similar circumstances."  *Id*.

The Court has reviewed the submitted time entries, considered the results obtained by Defendant, and whether the requested time is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  Based on such review, the Court declines to award fees for the .2 hours expended by Mr. Bowling because the time is duplicative of the tasks performed by Ms. Campbell, who attended the May 23, 2023, hearing.  The Court also declines to award fees to Ms. Campbell for e-mail to the insurer (.1 hour) and for time spent on the motion to compel argument (2.4 hours), argument which was never presented to the Court.  The Court, however, will award Ms. Campbell the requested travel time (3.2 hours).  The Court therefore finds that 4.4 hours was reasonably

---

[2]  The Court has based its estimate of legal years of experience on when Mr. Bowling and Ms. Campbell were admitted to practice law in Oklahoma. Neither appear to have been admitted in any other state prior to being admitted in Oklahoma.

spent on counsel's preparation for the hearing and attendance, resulting in the following breakdown for a reasonable fee:  (1) 1.2 hours for Ms. Campbell at her hourly rate of $200.00 (totaling $240.00), and (2) 3.2 hours for Ms. Campbell at her reduced hourly rate of $100.00 (totaling $320.00).   The Court also finds that Ms. Campbell's requested expenses, including mileage, tolls, and parking (totaling $157.86), are reasonable.  This yields an award of $717.86 in fees and expenses, which the Court finds appropriate on the facts of this case.

### B.    Minimum to Deter

When determining what amount of sanctions is appropriate under Rule 16, the Court must also consider whether the amount is the "minimum that will serve to adequately deter the undesirable behavior."  *White*, 908 F.2d at 684-85, quoting *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).  "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer."  *Id*. at 685, quoting *Doering*, 857 F.2d at 195-96.  Defendant's counsel requested $1,266.86 in fees and expenses related to her preparation and attendance at the May 23, 2023, hearing, which Plaintiff failed to attend.  The Court finds that the already reduced amount of $717.86, found reasonable herein, is the minimum amount of sanctions that will deter Plaintiff's failure to attend hearings and abide by the Court's orders.

### C.    Ability to Pay

The Court also must consider Plaintiff's ability to pay the requested fees and expenses. The "[i]nability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status."  *White*, 908 F.2d at 685. Although Plaintiff is proceeding *pro se* in this matter, she failed to respond to Defendant's

application and challenge the reasonableness of the requested fees and expenses or indicate an inability to pay.  Because the Court has no evidence before it in response to Defendant's application, this factor will not further reduce the amount of fees and expenses awarded by the Court.

**Conclusion**

In consideration of the above factors, the Court finds Defendant Arts & Humanities Council of Tulsa, Inc. d/b/a AHHA Tulsa's Second Application for Attorneys' Fees and Costs (Docket No. 46) is hereby granted in part and denied in part.  Plaintiff is hereby ORDERED to pay Defendant $717.86 in fees and expenses pursuant to Fed. R. Civ. P. 16(f)(2).

IT IS SO ORDERED this 30th day of June, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT