IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA RAE PLEASANT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-CV-037-MTS |
| | ) |
| ARTS AND HUMANITIES COUNCIL | ) |
| OF TULSA, INC. d/b/a AHHA TULSA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss with Prejudice (Docket No. 42), Defendant's Motion for Civil Contempt (Docket No. 61), and this Court's *sua sponte* consideration of the dismissal of the action under Fed. R. Civ. P. 16(f)(1). On June 20, 2023, the parties filed their properly executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. The Reference Order was signed by the Honorable United States District Judge Terence C. Kern on the same date. *See* Docket No. 49. As such, the undersigned has the authority to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

Pertinent to this Opinion and Order, the Court recounts the following background of the case. Plaintiff is proceeding *pro se* in this matter. On March 31, 2023, and prior to Plaintiff's consent to the undersigned magistrate judge, Judge Kern issued an Opinion and Order wherein he dismissed certain of Plaintiff's federal and state law claims. He also acknowledged "the vexatiousness of Plaintiff's filings, as well as Plaintiff's abusive and obstreperous conduct toward others involved[,] . . . particularly those who are merely doing their jobs, such as attorneys and court staff." *See* Docket No. 26 at 14. He warned that "the Court will not tolerate the type of

conduct Plaintiff has exhibited in the litigation thus far." *Id*. at 15.  Judge Kern noted that the local rules governing professional conduct applied to Plaintiff as a *pro se* litigant and directed "Plaintiff to familiarize herself with the Local Rules regarding proper conduct and specifically Local Rules LGnR3 and LGnR4-6." *Id*. at 15-16.[1]  He warned Plaintiff "that her failure to comply with this order may result in filing restrictions or, on motion by Defendant, involuntary dismissal of the case under Fed. R. Civ. P. 41(b)." *Id*. at 16.

On April 5, 2023, Judge Kern entered an order directing Plaintiff to file her initial disclosures and for the parties to submit a joint status report no later than May 1, 2023.  *See* Docket No. 28.  On May 4, 2023, Defendant filed a joint status report after realizing Plaintiff had not filed it by the deadline.  Defendant requested the Court hold a scheduling conference.  *See* Docket No. 30.  Defendant then filed a Motion to Compel Plaintiff's Initial Disclosures on May 10, 2023.  *See* Docket No. 32.

On May 11, 2023, this Court, then acting as the referral judge for discovery-related motions, entered an order setting a hearing on the motion to compel for May 23, 2023.  *See* Docket No. 33.  On May 12, 2023, Plaintiff filed a Status Report (Docket No. 34), Joint Status Report (Docket No. 35), which was a report completed by Plaintiff only, and Initial Disclosures (Docket No. 36).  In the joint status report, Plaintiff requested the Court hold a scheduling conference.  On May 18, 2023, the Court entered another order stating that it also intended to conduct a Rule 16 conference at the May 23, 2023, hearing to discuss "an overall discovery and case management plan."  The Court reminded the parties that the hearing was in-person and that the failure to appear

---

[1] For example, Local Rule LGnR4-6 addresses standards of practice for attorneys in the Northern District of Oklahoma, to include (1) "a duty of courtesy and cooperation" to opposing counsel; (2) "[l]awyers shall treat each other, the opposing party, the Court, and members of the Court staff with courtesy and civility and conduct themselves in a professional manner at all times[;]" and (3) "[e]ffective advocacy does not require antagonistic or obnoxious behavior and members of the bar shall adhere to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect."  *See* LGnR4-6 (c, e, and k).

could result in the imposition of sanctions. *See* Docket No. 38. Plaintiff failed to appear at the hearing.[2]

On May 30, 2023, Defendant filed two motions – a Motion to Dismiss with Prejudice (Docket No. 42) and a Motion to Compel Plaintiff's Discovery Responses (Docket No. 43). The motion to dismiss sought involuntary dismissal of the case pursuant to Fed. R. Civ. P. 41(b), alleging that since the March 31, 2023, order directing Plaintiff to conduct herself professionally in accordance with the Court's local rules, Plaintiff has continued to engage in unprofessional and inappropriate conduct toward Defendant and counsel. *See* Docket No. 42 (including several exhibits of e-mail communications from Plaintiff).

On May 31, 2023, this Court entered an order setting a hearing on Defendant's motion to compel as well as a Rule 16 conference for June 20, 2023. *See* Docket No. 44. The order expressly stated that the hearing was in-person and that "[f]ailure to attend this in-person hearing may result in the imposition of sanctions." Plaintiff failed to respond to Defendant's motion to compel, and she did not appear at the hearing.[3]

---

[2] Following the May 23, 2023, hearing, the Court entered an Opinion and Order finding Defendant was entitled to the reasonable fees and costs associated with the motion to compel Plaintiff's initial disclosures under Fed. R. Civ. P. 37(a)(5)(A). *See* Docket No. 40. The Court also entered an Opinion and Order awarding Defendant the reasonable fees and costs associated with counsel's attendance and preparation for the motion hearing under Fed. R. Civ. P. 16(f)(1-2). *See* Docket No. 41. Defendant timely filed its applications for fees and costs on June 2, 2023. *See* Docket Nos. 45 and 46. Plaintiff failed to respond to either application. The Court granted the applications, in part, awarding fees and costs to Defendant. *See* Docket Nos. 54 and 58.

[3] Following the June 20, 2023, hearing, the Court again found Defendant was entitled to the reasonable fees and costs associated with the filing of the motion to compel and counsel's preparation and attendance at the hearing. The Court also ordered Plaintiff to respond to Defendant's discovery requests by June 30, 2023. *See* Docket Nos. 50 and 51. Defendant timely filed its applications for fees and costs on June 30, 2023. *See* Docket Nos. 55 and 56. On July 10, 2023, however, Defendant sought to withdraw its applications for fees and costs. *See* Docket No. 64. The Court granted the Defendant's motion and deemed the applications withdrawn. *See* Docket No. 65.

On June 23, 2023, the Court entered another order setting a Rule 16 scheduling conference for July 5, 2023, referencing the request for a scheduling conference by both parties in their joint status reports. *See* Docket Nos. 30 and 35. The order specifically stated, "Plaintiff's failure to attend this in-person conference may result in the imposition of sanctions, including dismissal of the action with prejudice[.]" *See* Docket No. 52. On June 30, 2023, Plaintiff filed her Motion for Virtual Hearings. *See* Docket No. 57. On July 3, 2023, she filed a second Motion for Virtual Hearings. *See* Docket No. 59. In its order denying both motions, the Court once again reminded Plaintiff that failure to appear at the in-person hearing "may result in the imposition of sanctions, including dismissal with prejudice[.]" *See* Docket No. 60. Plaintiff failed to appear at the hearing.

On July 3, 2023, Defendant also filed a Motion for Civil Contempt (Docket No. 61), wherein it seeks an order from the Court under Fed. R. Civ. P. 37(b)(2)(vii) to hold Plaintiff in contempt of court for the failure to obey the Court's order which directed her to respond to Defendant's discovery requests by June 30, 2023. As part of the motion, Defendant attached additional exhibits (e-mails) demonstrating that Plaintiff continues to engage in the same unprofessional conduct she was previously warned about on March 31, 2023. Defendant seeks dismissal of the action with prejudice and monetary sanctions, including fees and costs for preparing the motion and Defendant's fees and costs incurred in the case. Plaintiff has not yet responded to the motion, as her deadline for doing so has not yet passed.

"The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference . . . and for failing to comply with court rules or any order of the court." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). Fed. R. Civ. P. 41(b) provides that "[i]f a plaintiff fails to prosecute or comply with these rules or a court order,

a defendant may move to dismiss the action or any claim against it."[4] In *Callahan v. Communication Graphics, Inc.*, 657 Fed. Appx. 739 (10th Cir. 2016), in addition to noting the district court's reliance upon Fed. R. Civ. P. 41(b) when dismissing the *pro se* plaintiff's case for failure to appear for a pretrial conference, the Tenth Circuit Court of Appeals recognized that Fed. R. Civ. P. 16(f)(1) also permits a court to dismiss a case for the failure to appear at a scheduling conference or other pretrial conference. *Id*. at 743.

The pertinent portion of Rule 16 provides:

On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

\*       \*       \*

(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(A&C) (emphasis added). Rule 37(b)(2)(A)(ii)-(vii) allows for court orders "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Before imposing a dismissal sanction under either Rule 16(f)(1) or Rule 41(b), however, a court must consider certain factors, including "(1) the degree of actual prejudice to the defendant;

---

[4] Although the language of the rule requires a motion from defendant, Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (emphasis added), citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

(2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Id.* at 918.

Although the Court is cognizant that dismissal of the case with prejudice is a strong sanction to impose on Plaintiff, consideration of the *Ehrenhaus* factors supports dismissal of the case with prejudice under both Rule 41(b) and Rule 16(f)(1). First, Plaintiff's actions in the case have prejudiced Defendant. Plaintiff's failure to appear at three court-ordered hearings, which resulted in Defendant's travel from Oklahoma City to Tulsa on each occasion, and her refusal to cooperate with Defendant in discovery (which resulted in the filing of two motions to compel and the most recent motion for civil contempt) has prejudiced Defendant's ability to defend the case.

Second, Plaintiff's behavior and lack of cooperation with Defendant has demonstrated a pattern of conduct that has impeded the judicial process. Plaintiff has refused to attend three court-ordered hearings to address the scheduling and/or discovery in the case, she has failed to respond to Defendant's motion to compel her discovery responses and the motion to dismiss, and she has failed to respond to Defendant's fee applications even when ordered to do so by the Court.

Most concerning, however, Plaintiff has continued to behave unprofessionally to Defendant, although previously warned by Judge Kern that such behavior would not be tolerated. As demonstrated by the numerous e-mails attached as exhibits to Defendant's discovery motions, motion to dismiss, and motion for civil contempt, Plaintiff continues to berate Defendant's counsel. *See* Docket Nos. 32-1 through 32-10; 42-1 through 42-17; 43-4 through 43-7; and 61-1

through 61-11.  Plaintiff also directed her ire at Court personnel. Leading up to and after her most recent hearing on July 5, 2023, Plaintiff contacted Court personnel via email and telephone. During one such conversation, she cursed at Court staff and made derogatory statements toward the Court.  In an email dated July 5, 2023, directed to Court personnel, she accused both the Court and defense counsel of being incompetent, racist, and corrupt.  *See* Docket No. 63.[5]

Regarding the culpability factor, Plaintiff only recently requested that she be allowed to proceed with court hearings virtually.  Plaintiff now lives in Texas and reportedly does not have a vehicle to travel to Tulsa for in-person matters.  She also asserts that other "life changes" out of her control resulted in her missing two hearings.  *See* Docket Nos. 57 and 59.  Plaintiff's motions to appear virtually, however, were filed well-after she had already failed to appear for two in-person hearings before the Court.  In any event, Plaintiff never sought a continuance of the prior hearings, nor did she notify the Court that she would not attend.  Further, Plaintiff's reported inability to travel to Tulsa does not explain her failure to cooperate in discovery, respond to Defendant's discovery motions and motion to dismiss, or comply with orders from the Court directing a response from Plaintiff.  It also does not explain Plaintiff's failure to comply with the Court's rules of professional conduct.

Moreover, Plaintiff was warned repeatedly by the Court that sanctions, including dismissal, were a possibility if she did not appear in-person for the scheduled hearings, and Judge Kern warned her that her continued unprofessional behavior to Defendant's counsel, the Court, and court

---

[5] The following are but a few of the inappropriate comments made by Plaintiff. In reference to the Court's denial of Plaintiff's Motions to Hold Virtual Hearings she stated: "The descendants of the racists who burnt Greenwood cannot operate a ZOOM link." In refence to the multiple Court orders directing Plaintiff to appear in person she stated: "… so why would I travel and do in-person hearings when schools have active COVID protocol to this day?  Get yourselves sick!" She also stated: "I have no car. Michael and Katie [the defendant's attorneys] are scammer trash and the 3 judges of this case allowed it to happen.  Oklahoma is too corrupt for the law and justice." She also stated: "This is the state that refuses to compensate 100+ year old survivors of the massacre.  Of course you are RACIST."

staff could result in dismissal of the case. Prior to the three court-ordered hearings on May 23, 2023, June 20, 2023, and July 5, 2023, the Court included reminders in the orders setting the hearings that Plaintiff should appear in-person and the failure to do so could result in the imposition of sanctions. *See* Docket Nos. 38, 44, and 52. Regarding the July 5, 2023, hearing, Plaintiff was advised twice that her failure to appear at the hearing could result in the dismissal of the action with prejudice. *See* Docket Nos. 52 and 60.

Finally, the Court has attempted to get Plaintiff's attention by imposing monetary sanctions for her failure to appear at the scheduled hearings and participate in discovery. The Court imposed monetary sanctions on Plaintiff for her failure to appear at the May 23, 2023, and June 20, 2023, hearings. Although given the opportunity to respond, Plaintiff did not do so. *See* Docket Nos. 40, 41, 50, 51, 54, and 58. Based upon Plaintiff's failure to appear at the most recent hearing on July 5, 2023, and her continued conduct toward Defendant's counsel and court staff, it is apparent that monetary sanctions have not served to deter Plaintiff's conduct in the case.

In the determination of whether dismissal is an appropriate sanction, the Court has carefully considered the relevant factors and whether they "outweigh the judicial system's strong predisposition to resolve cases on their merits[.]" *Ehrenhaus*, 965 F.2d at 921. The Court finds that the factors outweigh this strong predisposition and dismissal with prejudice is the appropriate sanction in this case. Plaintiff has refused to cooperate with Defendant in discovery, ignored several court orders, refused to attend any in-person proceeding, and continually engaged in unprofessional behavior to Defendant's counsel and court staff. The Court understands that proceeding *pro se* is difficult, but Plaintiff's *pro se* status does not excuse her from participating in her case in a meaningful manner, meeting case deadlines, complying with court orders, or behaving in an appropriate and professional manner.

Accordingly, the Court hereby GRANTS Defendant's Motion to Dismiss with Prejudice (Docket No. 42) and *sua sponte* finds that dismissal is appropriate under Fed. R. Civ. P. 16(f)(1). This matter is therefore dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f)(1). Defendant's Motion for Civil Contempt (Docket No. 61) is hereby deemed MOOT.

IT IS SO ORDERED this 10th day of July, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT